IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA                    CASE NO.  15-10699
                                            HON.  Denise Page Hood
            Plaintiff,


v.


BASIC RECYCLING, INC.

            Defendant.

_____/


**CONSENT DECREE**

# TABLE OF CONTENTS

I.     JURISDICTION AND VENUE ................................................................. 2

II.    APPLICABILITY ................................................................................... 2

III.   OBJECTIVES ........................................................................................ 3

IV.    DEFINITIONS ....................................................................................... 3

V.     COMPLIANCE MEASURES ................................................................ 5

VI.    CIVIL PENALTY ................................................................................. 8

VII.   STIPULATED PENALTY .................................................................. 10

VIII.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ................... 12

IX.    INFORMATION COLLECTION AND RETENTION ............................. 14

X.     NOTICES AND SUBMISSIONS ........................................................ 16

XI.    FORCE MAJEURE ............................................................................ 17

XII.   DISPUTE RESOLUTION .................................................................. 19

XIII.  RETENTION OF JURISDICTION ...................................................... 21

XIV.   MODIFICATION ............................................................................... 21

XV.    TERMINATION ................................................................................. 22

XVI.   FINAL JUDGMENT .......................................................................... 22

XVII.  PUBLIC PARTICIPATION ............................................................... 23

XVIII. SIGNATORIES .................................................................................. 23

XIX.   EFFECTIVE DATE ............................................................................ 23

XX.    COSTS .............................................................................................. 23

XXI.   APPPENDICES ............................................................................... 24a/b

XXII.  SIGNATURES.................................................................................25-27

CONSENT DECREE

WHEREAS, Plaintiff United States of America ("United States" or "Plaintiff"), on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter against the Defendant, Basic Recycling ("Basic Recycling" or "Defendant") seeking injunctive relief and civil penalties, and alleging, inter alia, that Basic Recycling violated the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-767lq;

WHEREAS, Basic Recycling is a scrap metal and iron recycler whose operations include the receiving, processing, and temporary storage of appliances, and other items manufactured with metal. Basic Recycling's facility is located at 14201 Fullerton Street, Detroit, MI;

WHEREAS, the United States' Complaint alleges violations by Basic Recycling of Section 608(b)(l) of the CAA, 42 U.S.C. § 767lg (National Recycling and Emission Reduction Program), and the regulations promulgated thereunder, 40 C.F.R. Part 82, Subpart F (Protection of Stratospheric Ozone), resulting from Defendant's alleged failure to follow the requirement to recover or verify recovery of refrigerant containing ozone-depleting material from appliances it accepts for disposal. The Complaint also alleges that Defendant violated Section 114(a)(1)(G) of the CAA, 42 U.S.C. § 7414(a)(1)(G), by allegedly failing to respond to a validly issued Section 114 request;

WHEREAS, Basic Recycling denies the allegations in the Complaint and denies that any violations occurred; and

WHEREAS, the United States and Basic Recycling (the "Parties") recognize, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated in good faith and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, before the taking of any testimony, without the adjudication or

1

admission of any issue of fact or law except as provided in Section I (Jurisdiction and Venue) below, and with the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and over the Parties.

2.      Venue lies in this District pursuant to Section 113(b) of the CAA, 42 U.S.C.§ 7413(b), and 28 U.S.C. § 1391(b), (c) and 1395(a), because Defendant resides, and conducts business, in this district and because the alleged violations occurred within this District.

3.      The Complaint states claims upon which relief may be granted pursuant to Section 113 of the CAA, 42 U.S.C. § 7413. Notice of the commencement of this action has been given to the State of Michigan as required by Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## II.      APPLICABILITY

5.      The obligations of this Consent Decree apply to and are binding upon the United States and upon Basic Recycling, its agents, successors, assigns, or other entities or persons otherwise bound by law.

6.      No transfer of ownership or operation of the Facility, whether in compliance with this Paragraph or otherwise, shall relieve Basic Recycling of its obligation to ensure that the terms of the Decree are implemented. At least thirty (30) days prior to such transfer, Basic Recycling shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA Region 5, the United States Attorney for the Eastern District of Michigan, and the United States Department of Justice, in accordance with Section X of this Decree (Notices).

Any attempt to transfer ownership or operation of the Facility without complying with this Paragraph constitutes a violation of this Decree.

7.      Basic Recycling shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Decree. Basic Recycling shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

8.      In any action to enforce this Consent Decree, Basic Recycling shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### III.    OBJECTIVES

9.      It is the express purpose of the Parties in entering into this Consent Decree to further the objectives of the CAA. Specifically, under this Consent Decree, Defendant shall address how it recovers or verifies recovery of refrigerant chlorofluorocarbons and hydrochlorofluorocarbons from Small Appliances, as defined by 40 C.F.R. § 82.152, MVACs and MVAC-like appliances. All obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of ensuring Basic Recycling's full compliance with the CAA and the regulations promulgated thereunder.

### IV.    DEFINITIONS

10.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in the CAA or in regulations promulgated pursuant to the CAA shall have the meaning assigned to them in the CAA and such regulations. The following definitions shall apply to the terms used in the Consent Decree:

        a.      "Consent Decree," or "Decree" shall mean this Consent Decree and all

3

appendices attached hereto.

      b.      "Date of Lodging" shall mean the date that this Consent Decree is lodged with the Clerk of the Court for the United States District Court for the Eastern District of Michigan pending public comment and Court action.

      c.      "Day" shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

      d.      "Date of Entry" shall mean the date that this Consent Decree is entered as a judgment by the Clerk of the Court for the United States District Court for the Eastern District of Michigan after being signed by a United States District Judge.

      e.      "Defendant" shall mean Basic Recycling, Inc.

      f.      "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

      g.      "Facility" shall mean Basic Recycling's operation located at 14201 Fullerton, Detroit, MI.

      h.      "Financial Information" shall mean the Corporate Tax Returns and Financial Statements submitted by Basic Recycling to the Department of Justice to support a claim of inability to pay a civil penalty. Defendant has made a claim of business confidentiality for this information.  Information covered by such a claim will be disclosed by the United States only to the extent permitted and by means of the procedures set forth at 40 C.F.R Part 2.

      i.      "Log" shall mean the refrigerant recovery log required under Paragraph 21 of this Consent Decree, an example of which is provided as Appendix B.

4

j.     "MVAC-Like Appliance" shall have the same meaning as assigned to it in 40 C.F.R. § 82.152.

k.     "Motor Vehicle Air Conditioner" or "MVAC" shall have the same meaning as assigned to it in 40 C.P.R. § 82.152.

l.     "Plaintiff" shall mean the United States.

m.     "Section" shall mean a portion of this Consent Decree identified by an upper case Roman numeral.

n.     "Small Appliance" shall have the same meaning as assigned to it in 40 C.F.R. § 82.152.

## V.     COMPLIANCE MEASURES

11.     Basic Recycling must comply with 40 C.F.R. Part 82, Subpart F (Protection of Stratospheric Ozone).

12.     Basic Recycling shall no longer accept small appliances, MVACs and MVAC-like appliances with cut or dismantled refrigerant lines unless its supplier can provide written verification that all refrigerant that had not leaked previously was evacuated in a manner consistent with the requirements of 40 C.F.R. §§ 82.156(g) or (h), as appropriate, prior to cutting or dismantling the refrigerant lines.

13.     Basic Recycling's suppliers must use the verification statement included as Appendix A to this Decree whenever the supplier claims that refrigerant was previously evacuated from the small appliance, MVAC, or MVAC-like appliance.

14.     Basic Recycling must notify its suppliers in writing that it will not accept small appliances, MVACs and MVAC-like appliances with cut or dismantled refrigerant lines unless the suppliers can certify that the refrigerant that had not leaked previously was evacuated in a manner consistent with the requirements of 40 C.F.R. §§ 82.156(g) or (h), as appropriate, prior to

5

cutting or dismantling the refrigerant lines.

15.     Basic Recycling must not accept small appliances MVACs, or MVAC-like appliances with cut or dismantled refrigerant lines if it knows or has reason to know that the refrigerant has not been properly recovered in accordance with 40 C.F.R. § 82.156(g) and (h).

16.     Basic Recycling may satisfy the notice requirements of Paragraphs 14 and 17 of this Decree with a sign that is prominently displayed at the Facility and by sending notices to its largest suppliers at their regular business addresses.

17.     Basic Recycling must notify its suppliers that it will provide refrigerant recovery services at no additional cost or reduction in the value of the scrap.

18.     Within 60 Days of the Date of this Decree, Basic Recycling must purchase and use equipment to adequately recover refrigerant from small appliances, MVACs and MVAC-like appliances or enter into an agreement with a contractor to provide refrigerant recovery services for any small appliance, MVAC and MVAC-like appliance that Defendant receives at the Facility. All refrigerant must be recovered in accordance with the requirements of 40 C.F.R. §§ 82.156(g) and (h).

19.     Basic Recycling must have the refrigerant recovered by a properly trained individual. If that individual is an employee of Basic Recycling, then Basic Recycling shall ensure that the individual is properly trained to use the equipment identified in Paragraph 18 of this Decree.

20.     Within 90 Days of the Date of Entry of this Decree, Basic Recycling must provide EPA with notification of the purchase of the recycling equipment and proof that it has an individual trained in recovering refrigerant as required by Paragraph 19 of this Decree.

21.     During the term of this Decree, Basic Recycling must keep a refrigerant recovery log substantially similar to the log included as Appendix B to this Decree. The refrigerant

6

recovery log shall document the following:

      a.     The date the refrigerant was recovered;

      b.     The type of item (e.g. fridge, AC, etc.) evacuated;

      c.     The amount of refrigerant recovered from each item, if possible to determine; and

      d.     The name of the technician who recovered the refrigerant.

22.     During the term of this Decree, Basic Recycling must retain copies of receipts documenting the reclamation, disposal or other disposition of refrigerants for all refrigerants it collects through recovery from small appliances, MVACs and MVAC-like appliances and for all refrigerants it sends to another company for reclamation.

23.     During the term of this Decree, Basic Recycling shall submit to EPA on or within fifteen (15) days after December 31st and June 30th of each year the following documents:

      a.     Copies of any verification statements used by Basic Recycling pursuant to Paragraph 13 of this Decree;

      b.     Copies of the refrigerant recovery log that Basic Recycling is required to keep pursuant to Paragraph 21 of this Decree;

      c.     Copies of receipts for all refrigerants Basic Recycling collected and sent to another company for reclamation, disposal or other disposition as required by Paragraph 18 of this Decree; and

      d.     Basic Recycling shall also provide a description of any noncompliance with the requirements of this Consent Decree and an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.

24.     Whenever any violation of this Consent Decree or any other event affecting

Defendant's performance under this Decree, or the performance of its Facility, may pose an immediate threat to the public health or welfare of the environment, Defendant shall notify EPA orally or by electronic or facsimile transmission as soon as possible, but no later than 24 hours after Defendant first knew of the violation or event. This procedure is in addition to the requirements set forth in the preceding Paragraph.

25.     Each set of documents submitted by Defendant under this Section shall be signed by an official of Basic Recycling and include the following certification:

*"I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fines and imprisonment for knowing violations."*

This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

26.     The reporting requirements of this Consent Decree do not relieve Defendant of any reporting obligations required by the CAA or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

27.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VI.     CIVIL PENALTY

28.     Basic Recycling shall pay to the United States a civil penalty in the amount of

8

$25,000. Payment of the civil penalty shall be made in four (4) equal installments with the first installment due within thirty (30) days after the Effective Date of this Consent Decree; the second installment, together with interest accruing from the Effective Date of this Consent Decree, at the rate specified in 28 U.S.C. § 1961 as of the Effective Date, due within one hundred eighty (180) days after the Effective Date of this Consent Decree; the third installment, together with interest accruing from the Effective Date of this Consent Decree, at the rate specified in 28 U.S.C. § 1961 as of the Effective Date, due within three sixty (360) days after the Effective Date of this Consent Decree; and the fourth installment, together with interest accruing from the Effective Date of this Consent Decree, at the rate specified in 28 U.S.C. § 1961 as of the Effective Date, due within five hundred forty (540) days after the Effective Date of this Consent Decree.

29.     Payments shall be made by Fed Wire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice according to the instructions provided to Basic Recycling following lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Michigan, 211 W. Fort Street, Suite 2300, Detroit, MI 48226.   At the time of each payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States v. Basic Recycling, Inc., and shall reference the civil action number and DOJ case number 90-5-2-1-10201/1 to the United States in accordance with Section X of this Decree (Notices and Submissions) by email to acctsreceivable@epa.gov; and by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, OH 45268

30.     If any portion of the civil penalty due to the United States is not paid when due, Defendant shall pay interest on the amount past due, accruing from the Effective Date through the

9

date of payment, at the rate specified in 28 U.S.C. § 1961.

31.     Upon entry of this Decree, this Decree shall constitute an enforceable judgment for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable federal authority. The United States will be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties and interest.

32.     Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or Section VII (Stipulated Penalties) in calculating its federal income tax.

## VII.   STIPULATED PENALTY

33.     Basic Recycling shall be liable to the United States for stipulated penalties in the amounts set forth in this Section for failure to comply with the requirements of this Consent Decree as specified below, unless excused under Section XI (Force Majeure). "Compliance" shall include completion of the activities required under this Consent Decree, payment of the civil penalty, and meeting the reporting requirements, in accordance with all applicable requirements of this Decree, and within the specified time schedules established by and approved under this Decree.

a.     The following stipulated penalties shall accrue per violation per day for any failure to meet any of the requirements identified in Subparagraph b and c:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $500 | 1st through 14th day |
| $1,000 | 15th through 30th day |
| $2,000 | 31st day and beyond |

b.     Payment of the Civil Penalty under this Decree.

c.     Noncompliance with the compliance measures set forth in Section V of this Decree.

10

34.     Stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Decree and shall continue to accrue until performance is satisfactorily completed or until the violation ceases, but shall not be payable until demand. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

35.     Payment of stipulated penalties shall be made within thirty (30) days of the date of a written demand for payment.

36.     Stipulated penalties shall continue to accrue as provided in Paragraph 34, during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

b.     If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.     If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

37.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.   Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.   Nothing in this Paragraph shall be construed to limit the

11

United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

38.     Basic Recycling shall pay any interest owed or stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraph 29 of this Decree, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

39.     Subject to the provisions of Section VIII (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Consent Decree or applicable law. Where a violation of this Consent Decree is also a violation of 40 C.F.R. Part 82, Defendant shall be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for such violation.

## VIII.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

40.     This Consent Decree is entered into as full and final settlement of this action for all Parties to the following extent: the Consent Decree resolves the civil claims of the United States for the violations alleged in the United States' Complaint through the Date of Lodging of this Decree. This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to the United States by Basic Recycling. If the Financial Information submitted by Basic Recycling is subsequently determined by EPA to be false or, in any material respect, inaccurate, Basic Recycling shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Basic Recycling's false or materially inaccurate information.

12

41.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 42 U.S.C. §§ 7401-7671q, or with any other provisions of federal, State, or local laws, regulations, or permits.

42.     The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CAA or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 40.

43.     Nothing herein shall be construed to limit the authority of the United States to undertake any action against any person, including Basic Recycling, in response to conditions that may present an imminent and substantial endangerment to the public health, welfare, or the environment.

44.     This Consent Decree does not limit or affect the rights of Basic Recycling or the United States as against any third parties, not party to this Decree, nor does it limit the rights of third parties, not party to this Decree, except as otherwise provided by law.

45.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Consent Decree.

46.     In any subsequent administrative or judicial proceeding initiated by the United

States for injunctive relief, civil penalties, other appropriate relief relating to Basic Recycling's violations, Basic Recycling shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 40 of this Decree.

## IX.   INFORMATION COLLECTION AND RETENTION

47.    The United States and its representatives, including contractors, consultants, and attorneys shall have the right of entry into and upon the Facility at all reasonable times upon proper presentation of credentials for the purposes of:

   a.    Monitoring the progress of activities required by this Consent Decree;

   b.    Verifying any data or information submitted to the United States in accordance with the terms of this Consent Decree;

   c.    Obtaining documentary evidence, including photographs and similar data;

   d.    Inspecting and reviewing any records required to be kept under the terms and conditions of the Consent Decree; and

   e.    Otherwise assessing Basic Recycling's compliance with this Consent Decree.

48.    Until five years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's

14

performance of its obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

49.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendant shall deliver any such documents, records, or other information to EPA. Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendant asserts such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

50.     Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. s to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

51.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws,

15

regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain

documents, records, or other information imposed by applicable federal or state laws, regulations,

or permits.

## X.    NOTICES AND SUBMISSIONS

52.    Except as specified otherwise, when written notification or communication is

required by the terms of this Consent Decree, it shall be addressed as follows:

As to the United States Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Reference DJ No. 90-5-2-1-10201/1


Ellen Christensen
Office of the United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226


As to Region 5 of EPA:

George Czerniak
Air and Radiation Division, AE-17J
Air Enforcement and Compliance Assurance Branch
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, Illinois, 60604


Kathleen Schnieders
Office of Regional Counsel, C-14J
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, Illinois 60604-3590

16

As to Basic Recycling:

Basic Recycling
14201 Fullerton
Detroit, MI


David Melton, Esq.
The Perkins Law Group, PLLC
615 Griswold Street
Suite 400
Detroit, MI   48226


All notifications or communications shall be deemed submitted on the date they are postmarked and sent by first class mail or certified mail.

## XI.    FORCE MAJEURE

53.    "Force Majeure," for the purposes of this Consent Decree, is defined as an event arising from causes beyond the control of Basic Recycling or the control of any entity controlled by Basic Recycling, including its agents, consultants and contractors, which delays or prevents the performance of any obligation under this Consent Decree despite Basic Recycling's best efforts to fulfill the obligation. The requirement that Basic Recycling exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential Force Majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible. Unanticipated or increased costs or expenses associated with implementation of this Consent Decree and changed financial circumstances shall not, in any event, be considered Force Majeure events. Failure to apply for a required permit or approval or to provide in a timely manner all information required to obtain a permit or approval that is necessary to meet the requirements of this Consent Decree, or failure of Basic Recycling to approve contracts, shall not, in any event, be considered a Force Majeure event.

17

54.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a Force Majeure event, Basic Recycling shall provide notice orally or by electronic or facsimile transmission to EPA within seventy-two (72) hours of when Basic Recycling first knew that the event might cause a delay. Within seven (7) days thereafter, Basic Recycling shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Basic Recycling's rationale for attributing such delay to a Force Majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Basic Recycling, such event may cause or contribute to an endangerment to public health, welfare or the environment. Basic Recycling shall include with any notice all available documentation supporting the claim that the delay was attributable to a Force Majeure event. Failure to comply with the above requirements shall preclude Basic Recycling from asserting any claim of Force Majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Basic Recycling shall be deemed to know of any circumstance of which Basic Recycling, any entity controlled by Basic Recycling, or Basic Recycling's contractors knew or should have known.

55.     If EPA finds that a delay in performance is, or was, caused by a Force Majeure event, it shall extend the time for performance, in writing, for a period equivalent to the delay resulting from such event and stipulated penalties shall not be due to the United States for such period. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

18

56.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendant in writing of its decision.

57.     If Defendant elects to invoke the dispute resolution procedures set forth in Section XII (Dispute Resolution), it shall do so no later than 15 days after receipt of EPA's notice. In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 53 and 54. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## XII.   DISPUTE RESOLUTION

58.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.

59.     <u>Informal Dispute Resolution.</u>   Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 14 Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

19

60.     Formal Dispute Resolution.   Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

61.     The United States shall serve its Statement of Position within 45 Days of receipt of Defendant's Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

62.     Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section X (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within ten Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

63.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

64.     Standard of Review

        a.      Disputes Concerning Matters Accorded Record Review. Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 62 pertaining

20

to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, Defendant shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

        b.     Other Disputes.  Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 62, Defendant shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

65.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 36. If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## XIII.   RETENTION OF JURISDICTION

66.    This Court will retain jurisdiction of this matter for the purposes of construing, implementing, administering, and enforcing the terms and conditions of this Consent Decree and for the purpose of adjudicating all disputes among the parties that may arise under the provisions of this Consent Decree.

## XIV.   MODIFICATION

67.    The terms of this Consent Decree, including any attached appendices, may be

modified only by a subsequent written agreement by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

## XV.   TERMINATION

68.    After Basic Recycling has completed the requirements of Section V (Compliance Requirements) of this Decree has maintained satisfactory compliance with the terms of this Consent Decree for a period of one year, and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Basic Recycling may make a written request to the United States to terminate this Consent Decree. Such request must include Basic Recycling's certification that Basic Recycling has complied with all requirements of this Decree, together with all necessary supporting documentation.

69.    Following receipt by the United States of Basic Recycling's request for termination, the Parties shall confer informally concerning the request and any disagreement that the Parties may have as to whether Basic Recycling has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

70.    If the United States does not agree that the Consent Decree may be terminated, Basic Recycling may invoke Dispute Resolution under Section XII (Dispute Resolution) of this Decree. However, Basic Recycling shall not seek Dispute Resolution of any dispute regarding termination, under Paragraph 60 of Section XII (Dispute Resolution), until ninety (90) days after service of its request for termination.

## XVI.   FINAL JUDGMENT

71.    Entry of this Consent Decree constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure as to the United States and Basic Recycling.

## XVII.  PUBLIC PARTICIPATION

72.      This Consent Decree will be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the public comments regarding this Decree disclose facts or considerations which indicate that this Decree is inappropriate, improper, or inadequate. Basic Recycling consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XVIII. SIGNATORIES

73.      The undersigned representative of Basic Recycling and the Assistant Attorney General of the Environment and Natural Resources Division of the U.S. Department of Justice or his designee each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally to this document the Party whom he or she represents.

74.      This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of summons.

## XIX.  EFFECTIVE DATE

75.      The Effective Date of this Consent Decree shall be the date of entry by this Court.

## XX.  COSTS

76.      The Parties shall bear their own costs of this action, including attorneys' fees,

23

except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XXI.   APPPENDICES

Appendix A is the Verification Statement.

Appendix B is the Refrigerant Recovery Log.

SO ORDERED

Dated: May 21, 2015

U.S. DISTRICT JUDGE

24

# VERIFICATION OF REFRIGERANT REMOVAL

Basic Recycling, Inc.
14201 Fullerton Street, Detroit, Michigan

**A**

I certify that all refrigerant and substitutes (including but not limited to chlorofluorocarbons (CFCs) and hydrochlorofluorocarbons (HCFCs) as defined in Section 608 of the Clean Air Act Amendments and 40 CFR Part 82) that have not leaked previously have been recovered in accordance with the federal regulations on refrigerant recycling at 40 C.F.R. Part 82, Subpart F, from the appliances delivered under this sale.

The refrigerant has been recovered as follows:

Name of person
recovering refrigerant:_____

Address of person
recovering refrigerant:_____

Date refrigerant recovered:_____


_____      _____      _____
Seller's name (print)                          Seller's signature                          Date

24a

**Refrigerant Recovery Log**

| Date refrigerant evacuated | Type of item (A/C, fridge, etc.) | Model # of item | Serial # of item | Type of refrigerant | Amount of refrigerant recovered (lbs or oz) | Technician |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

24b

*United States v. Basic Recycling, Inc.—Consent Decree*

FOR THE UNITED STATES OF AMERICA:

1/26/15
Date

THOMAS A. MARIANI
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

SUMONA N. MAJUMDAR
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC   20044-7611

BARBARA L. McQUADE
United States Attorney
Eastern District of Michigan

s/Ellen Christensen
ELLEN CHRISTENSEN
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street
Suite 2001
Detroit, MI 48226
(313) 226-9112
Ellen.christensen@usdoj.gov
P 29574

25

*United States v. Basic Recycling, Inc.—Consent Decree*

FOR THE U.S. ENVIRONMENTAL PROTECTION
AGENCY:

1/15/2015
Date

SUSAN HEDMAN
Regional Administrator
U.S. Environmental Protection Agency
Region 5

ROBERT A. KAPLAN
Regional Counsel
U.S. Environmental Protection Agency, Region 5

KATHLEEN SCHNIEDERS
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 5
Office of Regional Counsel

26

*United States v. Basic Recycling, Inc.—Consent Decree*

FOR DEFENDANT, BASIC RECYCLING, INC.:

12/22/14
Date

JOSEPH E. TOMLINSON
President

12/22/14
Date

Todd Perkins, Esq.      (P55623)
Perkins Law Group
Attorney for Defendant
615 Griswold Street, Suite 400
Detroit, MI   48226
(313)964-1702

27